JOURNAL ENTRY and OPINION.
{¶ 1} A jury found defendant Gregory Harris guilty of gross sexual imposition and the court sentenced him to two years in prison. On direct appeal, we found that the court erred by sentencing Harris to more than the minimum sentence because the court did not make a finding that the minimum sentence would demean the seriousness of the offender's conduct. See State v. Harris, Cuyahoga App. No. 78519, 2002-Ohio-1406. On remand, the court again sentenced Harris to a two-year term, although Harris' time served meant that for all practical purposes he had only a few days remaining to be served. In this appeal, Harris complains that the court erred by failing to advise him at the second sentencing that he would be subject to post-release control.[1] He argues that any mention of post-release control in his sentence be vacated. The state concedes that the court did not advise Harris about post-release control, but maintains it would be improper to vacate post-release control because they were mandatory for a felony gross sexual imposition. In Woods v. Telb,89 Ohio St.3d 504, 2000-Ohio-171, the second paragraph of the syllabus states "[p]ursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence." R.C.2929.19(B)(3)(e) says that if a period of post-release control is imposed following the offender's release from prison, the court must, at the sentencing hearing, notify the offender of the consequences of a violation of that post-release control.
 {¶ 2} There is a conflict within this district as to the proper disposition of an appeal in cases when the sentencing court fails to advise an offender about post-release control. See State v. Finger, Cuyahoga App. No. 80691, 2003-Ohio-402 (J.D. Sweeney, J., dissenting) (collecting cases). Nevertheless, that conflict is not at play here, as the mandatory term of post-release control supersedes any argument relating to the viability of a remand.
 {¶ 3} R.C. 2967.28(B)(1) states that each prison sentence for a felony sex offense must contain a five-year period of post-release control. In State v. Johnson, Cuyahoga App. No. 80459, 2002-Ohio-4581, we considered the precise issue currently before us and held that a court's failure to impose a mandatory term of post-release control constitutes a statutorily incorrect sentence which is void, not merely voidable. Id. at ¶ 26. Because the court has no discretion to avoid the imposition of post-release control in this case, any order other than a remand would constitute an attempt to render the sentence a nullity. We sustain the assignment of error and, in accordance with Johnson, remand for the sole purpose that Harris be advised of post-release controls.
Remanded.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, A.J., and *JOSEPH J. NAHRA, J., concur.
* SITTING BY ASSIGNMENT: Judge Joseph J. Nahra, Retired, of the Eighth District Court of Appeals.
[1] The transcript of the sentencing hearing shows that Harris was well-aware that he would be subject to post-release control, as defense counsel told the court that Harris wished to return to his home state of North Carolina, but "post-release control may get in the way of that to some extent."